**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

**In Re:**
**JESDIT DIAZ**

**Case No. 26-11729-PDR**
**Chapter 7**

**Debtor.**
______________________________________/

**MARCIA T. DUNN, TRUSTEE IN BANKRUPTCY FOR JESDIT DIAZ**

**Plaintiff.**

**vs.**

**Adv. Proc. No. 26-01235-PDR**

**JESDIT DIAZ**

**Defendant.**
______________________________________/

**PLAINTIFF/TRUSTEE'S RESPONSE IN OPPOSITION TO DEFENDANT JESDIT DIAZ'S MOTION TO ACCEPT ANSWER OUT OF TIME, TO SET ASIDE ANY CLERK'S DEFAULT, AND FOR ADDITIONAL TIME TO OBTAIN COUNSEL [ECF NO. 9]**

The Plaintiff, Marcia T. Dunn, Trustee in Bankruptcy (the "Trustee" and/or "Plaintiff") for Jesdit Diaz (the "Debtor"), by and through undersigned counsel, hereby files this Response in Opposition to Defendant Jesdit Diaz's (the "Defendant") Motion to Accept Answer Out of Time, To Set Aside Any Clerk's Default, and for Additional Time to Obtain Counsel [ECF No. 9] (the "Motion") and states:

1. The Defendant's Motion should be denied in its entirety. The Defendant's motion is evasive, incomplete, and fails to meet her burden of showing good cause to set aside the Clerk's Entry of Default under Federal Rule of Civil Procedure 55(c), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7055.

2. As set forth below, the Defendant's default was willful because she had actual knowledge of this lawsuit since at least July 2026, when the Complaint and Summons were served upon her; her Motion consists primarily of conclusory denials without supporting documentation or contrary evidence; she has not presented a meritorious defense; and the record demonstrates that the Debtor engaged in extensive concealment of assets, false statements under oath, unauthorized postpetition transfers of estate property, and willful disobedience of a Court order — conduct that weighs heavily against granting relief.

**THE LEGAL STANDARD FOR SETTING ASIDE A CLERK'S DEFAULT**

3. Under Rule 55(c), the Court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c); Fed. R. Bankr. P. 7055. In determining whether good cause exists, the Eleventh Circuit considers: (1) whether the default was culpable or willful, (2) whether setting it aside would prejudice the adversary, and (3) whether the defaulting party presents a meritorious defense. *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014); *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Also relevant is whether the defaulting party acted promptly to correct the default. *Parker v. U.S. Bank Nat'l Ass'n*, 580 Fed. Appx. 776, 777 (11th Cir. 2014).

4. While the Eleventh Circuit maintains a "strong policy of determining cases on their merits" and "view[s] defaults with disfavor," *In re Worldwide Web Systems*, *Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003), "…if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Compania Interamericana*, 88 F.3d at 951-52., citing, *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194-95 (6th Cir. 1986).

5. Moreover, where the evidence against a defendant is so overwhelming that no meritorious defense can be articulated, the failure of the ability to fulfill this factor alone should weigh decisively against setting aside a default. To show a meritorious defense, the defaulting party must demonstrate a defense that "probably would have been successful" and cannot satisfy this burden by simply asserting a general denial. *Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986). The defaulting party must "affirmatively and specifically show that there was a valid defense that would probably change the outcome of the case" and must "establish a meritorious defense by a clear and definite recitation of facts." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1297 (11th Cir. 2003); *Gibbs v. Air Canada*, 810 F.2d 1529, 1538 (11th Cir. 1987). General assertions, conclusory denials, and bare legal conclusions do not suffice. *Worldwide Web Sys.*, 328 F.3d at 1296; *Solaroll*, 803 F.2d at 1133. Where the undisputed record demonstrates the very conduct that forms the basis of the claims — as it does here — the Defendant cannot possibly articulate a defense that "might have affected the outcome." *Id.*

**RELEVANT PROCEDURAL HISTORY AND SERVICE**

6. On July 7, 2026, the Plaintiff filed the *Trustee's Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 727* [ECF No. 1] (the "Complaint"), initiating this adversary proceeding with seven counts under §§ 727(a)(2)(A), (a)(2)(B), (a)(3), (a)(4)(A), (a)(4)(D), (a)(5), and (a)(6). A *Summons* [ECF No. 2] was issued on July 8, 2026, with an Answer Due date of August 7, 2026. An *Order Setting Scheduling Conference* [ECF No. 3] was entered, setting the scheduling conference for September 15, 2026.

7. On July 14, 2026 [ECF No. 4], *Summons Service Executed* was filed, confirming service upon the Defendant at 23812 SW 117 Place, Homestead, FL 33032, by first class United States mail, postage fully prepaid.

8. The Defendant failed to respond by the August 7, 2026 deadline. On August 13, 2026 [ECF No. 5], a *Verified Motion for Default* was filed. On August 14, 2026 [ECF No. 6], the Clerk entered Default.

9. On August 19, 2026, the Plaintiff filed her Motion for *Default Final Judgment* [ECF No. 10], accompanied by the Trustee's Sworn Declaration. On the same date, the Defendant filed her Motion [ECF No. 9].

**THE DEFENDANT'S DEFAULT WAS WILLFUL**

10. The Defendant admits she was aware of this adversary proceeding. She acknowledges in her Motion that "[t]he summons states that a response to the Complaint is required and warns that a default judgment may be entered if no response is filed." [ECF No. 9 at ¶ 2]. She further admits she "did not intentionally ignore this adversary proceeding" but then concedes she was "actively trying to obtain counsel" — meaning she knew of the suit and chose to do nothing to defend it.

11. The Defendant's excuse — that she could not find an attorney — does not constitute good cause. In *Interscope Records v. Benavides*, 241 F.R.D. 458, 461 (W.D. Tex. 2006), the court found a defendant's failure to answer was intentional and not excusable where she admitted being aware of the summons and complaint, contacted several attorneys who refused to take her case, but took no action until learning that plaintiffs were seeking a default judgment against her. The court held: "the difficulty and expense of obtaining counsel does not constitute

good cause for default, especially in light of the fact that defendant made little effort to explain her situation to the Court and no effort to explain her situation to opposing counsel." Id. at 462.

12. Here, the Defendant's conduct mirrors *Interscope Records*. She admits she knew of the lawsuit and the requirement to respond. She claims she "contacted several attorneys" but never filed any response, motion for extension, or pro se appearance with the Court. She made no attempt to contact Plaintiff's counsel after the filing of the adversary proceeding. She did not even file a notice of appearance or request for extension of time. She waited until August 19, 2026 — the very same day the Trustee filed the Motion for Default Final Judgment — to file anything. This is the very definition of willful conduct. See *Marziliano v. Heckler*, 728 F.2d 151, 156 (2d Cir. 1984) (a default is deemed willful where a defendant knowingly ignores the complaint without action).

13. The Defendant's claim that attorney Timothy Kingcade was negotiating on her behalf does not excuse the default. The Defendant states Mr. Kingcade contacted Trustee's counsel on or about July 20, 2026 to discuss settlement. Even if true, Mr. Kingcade did not agree to represent her and never filed an appearance. On August 10, 2026, according to the Defendant, Mr. Kingcade declined the case. Even after that, the Defendant failed to respond to the Complaint prior to the verified motion for default being filed and waited nine more days before filing her Motion. At no point did the Defendant or any attorney on her behalf file a motion for extension of time, a notice of appearance, or any other document with the Court.

**THE DEFENDANT HAS NOT PRESENTED A MERITORIOUS DEFENSE**

14. Under *Worldwide Web Systems,* 328 F.3d at 1295-96, among the factors the Court must consider in granting such equitable relief of setting aside a default is whether the Defendant can demonstrate a meritorious defense. The Defendant fails to do so. She merely

"denies" the allegations and "strongly denies" fraudulent intent, providing no documentation, no evidence, and no specific reasons for her actions that would defeat denial of discharge. A bare denial is insufficient.

15. The Defendant does not deny the following vital facts: (a) She failed to disclose her Wells Fargo Way2Save Savings Account ending in 1133 on her Schedules; (b) On January 2, 2026, $211,851.17 was transferred from the HealthMed business account into the undisclosed Savings Account; (c) On January 16, 2026, she withdrew $180,010.00 and caused a cashier's check for $180,000.00 to be issued to Wellness ARE USA Inc.; (d) On February 11, 2026, one day before the Petition Date, $38,400.00 was transferred to the Savings Account; (e) She made postpetition transfers including $10,095.00 to Carlos Perez; and (f) importantly, she failed to comply with the Turnover Order requiring turnover of $22,688.07.

16. The Trustee has separately filed the transcript of the Defendant's Rule 2004 examination with the Court at ECF No. 22. The Defendant's own testimony at the Rule 2004 Examination is equally harmful to her cause. The Trustee is very comfortable that this testimony alone entirely and conclusively defeats any meritorious defense argument that the Defendant could raise. The failure to fulfill this factor obviates any ability to demonstrate good cause. In other words, it is the Trustee's position that such admissions are so devastating to the Defendant's case that the failure to demonstrate anything even resembling a meritorious defense should outweigh any other modicum of whatever showing exists under any other required factor. When the Trustee's counsel asked the Defendant why she transferred over $211,000 from the HealthMed business account into her personal savings account rather than sending it directly to its purported intended recipient, the Defendant testified: "So I only transfer it out of the HealthMed account because I owe people so what are people going to do when they see money, they are going to take

money." (Rule 2004 Transcript, p. 75, ll. 17-20). When counsel then asked directly whether she transferred the money to her savings account to prevent different creditors of HealthMed from seizing it, the Defendant confirmed: "Yes, yes." (Rule 2004 Transcript, p. 78, ll. 4-7). These admissions prove and establish actual intent to hinder, delay, or defraud creditors as required by § 727(a)(2).

17. The 2004 Examination testimony further reveals a pattern of false statements warranting denial of discharge under §727(a)(4) that precludes any finding of good cause. When initially questioned about her savings account, the Defendant told Trustee's counsel that the account had only $5 in it and testified under oath that it had never had a balance of more than approximately $1,000. (Rule 2004 Transcript, pp. 38-39). This was demonstrably false. Bank records revealed that just over one month before filing bankruptcy, $211,851.17 had been transferred into that very account. (Rule 2004 Transcript, pp. 74-75). When confronted with this evidence, the Defendant first claimed that the money didn't belong to her, notwithstanding the fact that the question posed was only about the amount of money in the account, and then claimed she "forgot about the savings account" and "wasn't thinking about" it. (Rule 2004 Transcript, pp. 81-82). The Defendant's own bankruptcy counsel stated on the record: "for the record, I did not know about this savings account as was disclosed today. This is the first time I have seen it." (Rule 2004 Transcript, p. 94, ll 25 to p. 95, ll. 1-2).

18. Additionally, on her Statement of Financial Affairs, the Defendant answered there were no such transfers to Question 18, which asks whether the debtor sold, traded, or otherwise transferred any property to anyone within two years before filing. (Rule 2004 Transcript, p. 48 ll 18-25 to p. 49 ll 1-16). Even after Trustee's counsel explained that "transfer of property" includes "money in the bank" and "cash," the Defendant confirmed her answer was the

same. (Rule 2004 Transcript, p. 49 ll 16). This answer was false in light of the transfers of over $211,000 that occurred just weeks before filing.

19. The Defendant's testimony also reveals that she first consulted with bankruptcy attorneys as early as November 2025 — months before the February 12, 2026 petition date — contradicting her assertion in the Motion that she did not decide to file until later. (Rule 2004 Transcript, p. 86, ll 13-16). Moreover, on the very day she filed her bankruptcy petition, the Defendant spent $210 on Botox and $1,055 on an Etsy sign for HealthMed — a business she had already decided to close. (Rule 2004 Transcript, pp. 87-88). The Defendant never produced the savings account bank records to the Trustee. (Rule 2004 Transcript, pp. 69-70), they had to be obtained directly from Wells Fargo.

**THE DEFENDANT'S FALSE STATEMENTS AND INCONSISTENCIES**

20. The false statements detailed above are not isolated. The Defendant certified under penalty of perjury that her Schedules and Statement of Financial Affairs were true and correct. Yet she concedes in her Answer that her Wells Fargo Way2Save Savings Account was not listed on her Schedule A/B. She claims this omission was inadvertent, but the Savings Account was linked to her personal checking account for overdraft protection — demonstrating it was not unknown to her. Further, her false testimony about the savings account balance, her false denial of transfers on SOFA Question 18, and her admissions at the 2004 Examination collectively demonstrate a systematic pattern of concealment that is entirely inconsistent with any defense to the § 727 claims. Where the debtor's own sworn testimony establishes the elements of the claims against her, no meritorious defense exists. Under *Solaroll*, 803 F.2d at 1133, a general denial of liability does not constitute a meritorious defense, and no such defense has been — or can be — presented here.

**THE TRUSTEE WOULD BE PREJUDICED**

21. Setting aside the default would prejudice the Trustee. This case involves a Debtor who has systematically concealed assets, made false statements under oath, transferred property of the estate without authorization, and refused to comply with a Court order. The Trustee has invested significant resources in investigating the Debtor's financial affairs, filing the Complaint with seven counts, obtaining the Clerk's default, and filing the Motion for Default Final Judgment. Setting aside the default would reward the Defendant's pattern of delay and obstruction.

22. In sum, the totality of the record compels denial of the Motion. The Defendant's default was willful — a finding which alone requires denial of the Motion. *Compania Interamericana*, 88 F.3d at 951-52. The Defendant has presented no meritorious defense — only conclusory denials unsupported by any documentation, evidence, or factual basis. As the Eleventh Circuit has made clear, a defaulting party must provide more than "general assertions" and must make "a clear and definite recitation of facts" establishing a defense that would "probably change the outcome." *Worldwide Web Sys.*, 328 F.3d at 1296; *Gibbs*, 810 F.2d at 1538. The Defendant has not even attempted to do so because she cannot. Her own sworn testimony at the 2004 Examination — in which she admitted transferring funds to prevent creditors from taking them, gave demonstrably false testimony about the existence and balance of her savings account, and falsely denied making any transfers — conclusively establishes the very conduct that § 727 is designed to address. Where the record so overwhelmingly demonstrates the absence of any defense, the good cause standard cannot be met.

**WHEREFORE**, the Plaintiff, Marcia T. Dunn, Trustee in Bankruptcy for Jesdit Diaz, by and through undersigned counsel, respectfully requests that this Court deny the Defendant's Motion [ECF No. 9] in its entirety, plus that the Court grant such other and further relief as it deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 9010-1(a).

Dated: September 11, 2026

Respectfully Submitted,

**LIPPES MATHIAS LLP**

*/s/ Michael R. Bakst*
MICHAEL R. BAKST, ESQ.
Florida Bar No.: 866377
4420 Beacon Circle
West Palm Beach, FL 33407
T: (561) 842-3000 ext. 1577
mbakst@lippes.com

**<u>CERTIFICATE OF SERVICE</u>**

I CERTIFY that on September 11, 2026, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF, or by first class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*<u>/s/ Michael R. Bakst</u>*
*Michael R. Bakst, Esq.*

**Mailing Information for Case 26-01235-PDR**

**Electronic Mail Notice List**
The following is the list of **<u>parties</u>** who are currently on the list to receive email notice/service for this case.

- **Michael R. Bakst** efileu1094@gmlaw.com, ecf.alert+bakst@titlexi.com;mbrennan@lippes.com;mbird@lippes.com;jrosaECF@lippes.com;alopezECF@lippes.com;EBakstECF@lippes.com;MBakstECF@lippes.com

**Manual Notice List**
The following is the list of **<u>parties</u>** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

**Jesdit Diaz**
23812 SW 117 Place
Homestead, FL 33032
Jesdit18@gmail.com