**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

**In Re:** **CASE NO.: 26-11729-PDR**
**Chapter 7**

**JESDIT DIAZ,**

**Debtor.**
______________________________________/

**MARCIA T. DUNN, Trustee in Bankruptcy for JESDIT DIAZ,**

**Plaintiff.**

**vs.** **Adv.Proc.No.: 26-01235-PDR**

**JESDIT DIAZ,**

**Defendant.**
______________________________________/

**TRUSTEE'S EMERGENCY MOTION FOR COURT TO DEEM ATTORNEY CLIENT PRIVILEGE WAIVED AND, IN THE ALTERNATIVE, FOR RECONSIDERATION OF ORDER SETTING ASIDE DEFAULT UNDER RULE 59 (Emergency Hearing Requested)**

**Reason for the Emergency**

The Trustee respectfully requests an expedited hearing on this emergency motion to be heard prior to October 1, 2026. The deposition of the Defendant's former counsel, Arturo R. Alfonso, Esq., is scheduled for October 1, 2026 at 1:30 p.m. pursuant to a Subpoena and Notice of Rule 7030 Examination filed on September 17, 2026 [ECF No. 24 and ECF No. 25]. The Defendant's own Rule 7030 examination is scheduled for October 7, 2026, with documents due by October 1, 2026 at 12:00 p.m. The Defendant has indicated through email correspondence dated September 17 and 18, 2026 that she intends to assert attorney-client privilege and will not consent to examination of her former attorney regarding his representation, despite having placed such representation directly at issue before this Court in open court on September 15, 2026. A ruling is needed before the October 1 deposition to avoid unnecessary delay and expense. **The Trustee seeks a hearing no later than September 29, 2026.**

Pursuant to Local Rule 9013-4(b)(3), the Trustee certifies that a bona fide effort to resolve this matter without Court intervention has been made, as evidenced by the email correspondence between the parties, but has not been successful.

Marcia T. Dunn, Trustee in Bankruptcy for Jesdit Diaz ("Trustee"), by and through undersigned counsel, hereby files this *Trustee's Emergency Motion for Court to Deem Attorney Client Privilege Waived and, in the Alternative, for Reconsideration of Order Setting Aside Default Under Rule 59* and states:

1. This voluntary Chapter 7 proceeding was filed on February 12, 2026 in Case Number 26-11729-PDR by Jesdit Diaz ("Defendant" or "Debtor"). Marcia T. Dunn has been appointed as the Chapter 7 Trustee.

2. The Trustee filed the adversary complaint objecting to discharge on July 7, 2026 [ECF No. 1]. The Complaint contains seven counts objecting to the Defendant's discharge under 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(3), (a)(4)(A), (a)(4)(D), (a)(5), and (a)(6). The Defendant failed to answer or respond and a Clerk's Entry of Default was entered on August 14, 2026 [ECF No. 6]. The Trustee filed a Motion for Default Final Judgment on August 19, 2026 [ECF No. 10].

3. On August 19, 2026, the Defendant, proceeding pro se, filed a Motion to Accept Answer Out of Time, To Set Aside Any Clerk's Default and for Additional Time to Obtain Counsel [ECF No. 9] ("Motion to Set Aside Default"). In this filing and at the hearing before this Court, the Defendant represented that she had a meritorious defense to the Trustee's claims. In support, the Defendant asserted reliance on counsel throughout her Answer, including but not limited to: (a) "I rarely used that savings account and did not regularly use it as a personal spending account. I did not understand that it had to be separately disclosed in the bankruptcy schedules... I relied on bankruptcy counsel to guide me regarding the documents and disclosures required." (Answer ¶ 9); (b) "I decided to pursue bankruptcy in February 2026 after speaking with Arturo Alfonso." (Answer ¶ 29); and (c) "The omission of the savings account was not intentional or fraudulent. I

rarely used the account, did not understand that it had to be separately disclosed, and relied on bankruptcy counsel to guide me concerning the schedules and disclosures." (Answer ¶ 46).

4. Most importantly, the Defendant represented in open court in support of her Motion to Set Aside Default that she had a meritorious defense — specifically, that the funds in excess of $18,000.00 that she spent post-petition from an undisclosed savings account were spent because her attorney, Arturo R. Alfonso, Esq., never told her she could not spend the funds and that she would be free to spend such funds. These representations about the advice of her attorney were central to the Court's determination that the Defendant had shown a meritorious defense sufficient to set aside the default.

5. Based upon the foregoing representations, the Court granted the Motion to Set Aside Default and permitted the Defendant to proceed with her Answer.

6. On September 17, 2026, the Trustee filed a Notice of Intent to Serve Subpoena on Arturo R. Alfonso, Esq. [ECF No. 25] and a Subpoena for Rule 7030 Deposition and Production of Documents directing Mr. Alfonso to appear for deposition on October 1, 2026 [ECF No. 24]. Additionally, the Trustee served a Notice of Rule 7030 Examination Duces Tecum on the Defendant herself, scheduling her examination for October 7, 2026, with documents due by October 1, 2026 at 12:00 p.m [ECF No. 26]. The Defendant agreed to this examination date.

7. On September 17, 2026, the Defendant responded via email stating: "For clarity, my agreement to the deposition date does not constitute consent to or acknowledgment of a blanket waiver of attorney-client privilege. I reserve all applicable rights, privileges, and objections while remaining willing to comply with proper discovery requests and orders of the Court." On September 18, 2026, the Trustee's counsel followed up asking whether the Defendant was claiming privilege as to testimony involving the assertions she made in open court. The Defendant

responded the same day, stating: “I am preserving attorney-client privilege for protected communications with Mr. Alfonso. I am not agreeing that what I said at the hearing waived privilege over every communication with him or my entire client file.” The Defendant further stated: “I cannot make a blanket privilege decision before I know the specific questions or communications involved. Any privilege or waiver issue should be addressed question by question and subject by subject.” The Trustee’s counsel responded that he would be filing an emergency motion with the Court regarding this dispute. A true and correct copy of the relevant email correspondence is attached hereto as Exhibit “1”.

8. The Defendant’s attempt to now assert attorney-client privilege over the very subject matter she placed before this Court is impermissible. The Trustee recognizes that she is attempting to assert that there is not a blanket waiver, but the scope of what she has put at issue is in fact a blanket waiver. She has asserted defenses regarding what was told to her before she filed bankruptcy, what was told to her about what to put in her Schedules, what was told to her as to what she could or could not do as a debtor in bankruptcy. There is no fathomable scope of the representation by her counsel that the Defendant has not waived through her Answer and representations in open court. Moreover, the Defendant’s position that privilege should be assessed “question by question and subject by subject” ignores the fact that she has already placed the entirety of her dealings with Mr. Alfonso squarely at issue through her Answer and her representations to this Court. Having voluntarily and affirmatively placed her dealings with her attorney at issue — both in her written Answer and in open court representations — the Defendant has waived any attorney-client privilege with Mr. Alfonso regarding his representation of her in this bankruptcy case.

9. Within the Eleventh Circuit, the case law consistently follows the holding that a waiver by implication occurs when a client asserts reliance on an attorney's advice as an element of a claim or defense. *Cox v. Adm'r United States Steel*, 17 F.3d 1386, 1417-21 (11th Cir. 1994); *Akowskey v. Nationstar Mortgage, LLC*, 2023 WL 112061 (S.D. Fla. 2023). The Eleventh Circuit has summarized within *Knox v. Roper Pump Company*, 957 F.3d 1237, 1248-49 (11th Cir. 2020):

> "Under the doctrine of waiver by implication, a defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes." *Cox*, 17 F.3d at 1417. The doctrine of waiver by implication reflects the position that the attorney-client privilege "was intended as a shield, not a sword." Id. Thus, a party waives the attorney-client privilege when that party places privileged information in issue "through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party." *Cox*, 17 F.3d at 1417 (citation omitted).

10. Here, the Defendant has done precisely what the case law prohibits. She used representations about her attorney's advice as a sword to obtain the extraordinary relief of having a default set aside and with the intent to rely upon such defense in this discharge proceeding. She told this Court that her attorney never informed her she could not spend property of the estate post-petition — a representation that went directly to whether she had a meritorious defense. Having obtained the benefit of that representation, she now seeks to wield the privilege as a shield to prevent any inquiry into the truth or accuracy of those very representations. This is the quintessential "sword and shield" use of the privilege that the Eleventh Circuit has repeatedly condemned. See *Cox*, 17 F.3d at 1417.

11. The Court in the case of *In re DiLoreto* 2002 WL 34573858 (Bankr. E.D. Va 2002) considered the commonality to cases where, as here, a debtor attempts to blame the apparent advice of their counsel for not disclosing something:

> In these cases, the client has made the decision and taken the affirmative step in the litigation to place the advice of the attorney in issue. Courts have found that by placing the advice in issue, the client has opened to examination facts relating to that advice. Advice

> is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant manner.The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication. *Rhone–Poulenc Rorer Inc. v. Home Indem. Co*.**,** 32 F.3d 851, 863 (3d Cir.1994) (citations omitted). Id. at *8.

12. In the alternative, should the Court determine that the Defendant may withdraw her representations regarding the advice of counsel and assert attorney-client privilege, the Trustee respectfully moves under Federal Rule of Civil Procedure 59(e), as incorporated by Federal Rule of Bankruptcy Procedure 9023, for reconsideration of the Court's Order setting aside the Clerk's Default.

13. The basis for the Trustee's alternative request is as follows: To set aside a clerk's entry of default under Rule 55(c), a defendant must demonstrate, among other things, that she has a meritorious defense. The Defendant's primary showing of a meritorious defense was her representation that she relied on her attorney's advice — specifically, that Mr. Alfonso never told her she could not spend the funds in the savings account post-petition. If the Defendant now withdraws those representations or refuses to allow inquiry into them, either by attempting to prevent her prior counsel from testifying or refusing to testify herself, the foundation for the Court's finding of a meritorious defense is eliminated.

14. Without the reliance on counsel defense, the Defendant cannot demonstrate a meritorious defense regarding her spending of property of the estate after the date of the bankruptcy filing. The undisputed record shows that on January 2, 2026, the Defendant caused $211,851.17 to be transferred from the HealthMed Clinical Center Inc. business checking account into her personal Wells Fargo Way2Save Savings Account ending in 1133, which she concealed from her bankruptcy schedules. After the February 12, 2026 filing date, the Defendant continued to spend estate funds, including a $10,095.00 wire transfer to Carlos Perez on or about February

20, 2026, a $5,000.00 wire to Wellness ARE USA Inc. on or about February 17, 2026, and other transfers. Even after being informed at the May 1, 2026 Rule 2004 examination that these were estate funds, the bank records show continued post-petition spending.

15. Permitting the Defendant to use representations about her attorney's advice to obtain relief and then shield those representations from examination would constitute manifest injustice and undermine the integrity of the proceedings.

WHEREFORE, Marcia T. Dunn, Trustee in Bankruptcy for Jesdit Diaz, respectfully requests that the Court enter an order: (i) holding that the Defendant has waived her attorney-client privilege with Arturo R. Alfonso, Esq., including his attorneys and staff, thus permitting the Trustee to proceed with the Rule 7030 examination of Mr. Alfonso scheduled for October 1, 2026 and obtain his complete file as specified within the duces tecum attachment to such Rule 7030 examination notice, and requiring the Defendant to produce documents and testify regarding Mr. Alfonso's representation of her at her October 7, 2026 Rule 7030 examination; (ii) In the alternative, if the Court determines the Defendant may withdraw her representations to the Court which clearly demonstrate a waiver of attorney client privilege, than the Trustee asks that the Court reconsider and vacate the Order setting aside the Clerk's Default and reinstating the Clerk's Entry of Default [ECF No. 6], based upon the Defendant's withdrawal of the factual representations that formed the basis for finding a meritorious defense; (iii) setting a hearing on this Motion on an expedited basis no later than September 29, 2026; and (iv) granting such other and further relief as the Court deems just and proper.

I certify that on September 18, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF on behalf of Marcia T. Dunn, Trustee in Bankruptcy for Jesdit Diaz, and that the foregoing document is being served this day on all counsel of record or pro se parties

identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF, or by first class U.S. mail and/or email on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing as indicated below.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 9010-1(a).

**LIPPES MATHIAS, LLP**

/s/ Michael R. Bakst
MICHAEL R. BAKST, ESQ.
Florida Bar No. 866377
Attorney for Trustee
4420 Beacon Circle
West Palm Beach, FL 33407
T: (561) 842-3000 ext. 0577
Email: mbakst@lippes.com

**Mailing Information for Case 26-01235-PDR**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **MichaelR.Bakst** efileu1094@gmlaw.com, ecf.alert+bakst@titlexi.com;mbrennan@lippes.com;mbird@lippes.com;jrosaECF@lippes.com;alopezECF@lippes.com;EBakstECF@lippes.com;MBakstECF@lippes.com

**Service List**
The following is the list of **parties** to receive email notice/service or manual noticing/service for this case:

Jesdit Diaz
23812 SW 117 Place
Homestead, FL 33032
Via Email: jesdit18@gmail.com

**Arturo R. Alfonso, Esq.**
Law Office Arturo R. Alfonso PA
7821 Coral Way, Suite 125
Miami, FL 33155
Via Email: aralawfirm@gmail.com

# EXHIBIT "1"

**From:** Michael R. Bakst
**To:** Jesdit Diaz
**Cc:** marcia.dunn; Melissa A. Bird
**Subject:** RE: Diaz - Discharge Proceeding - #26-11729 PDR
**Date:** Friday, September 18, 2026 10:33:02 AM
**Attachments:** image001.png
image810725.png

---

Ms. Diaz, my email below does explain my position as to what I believe has been waived.

I will be filing an emergency motion with the Court regarding this dispute.

**Michael R. Bakst**
Partner

Lippes Mathias LLP

4420 Beacon Circle
West Palm Beach, Florida 33407

ph: 561.842.3000 ext. 1577 | fx: 561.842.3626
MBakst@lippes.com | lippes.com
LinkedIn // Facebook

This email message, including attachments, are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the email message. Unauthorized use, dissemination, distribution or reproduction of this message by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not an intended recipient, please notify the sender immediately, delete the message from your email system, and destroy any other copies in your possession.

---

**From:** Jesdit Diaz <jesdit18@gmail.com>
**Sent:** Friday, September 18, 2026 10:30 AM
**To:** Michael R. Bakst <MBakst@lippes.com>
**Cc:** marcia.dunn <marcia.dunn@dunnlawpa.com>; Melissa A. Bird <mbird@lippes.com>
**Subject:** RE: Diaz - Discharge Proceeding - #26-11729 PDR

Mr. Bakst,

I answered this in my September 17 email, but to be clear:

I am preserving attorney-client privilege for protected communications with Mr. Alfonso. I am not agreeing that what I said at the hearing waived privilege over every communication with him or my entire client file.

I cannot make a blanket privilege decision before I know the specific questions or communications involved. Any privilege or waiver issue should be addressed question by question and subject by subject.

I will participate in discovery and comply with proper discovery requests and orders of the Court while preserving my applicable rights and objections.

If the Trustee claims that I waived privilege regarding particular subjects or communications, please identify them and explain the specific scope of the claimed waiver.

Thank you,

Jesdit Diaz
Defendant, Pro Se

On Fri, 18 Sep 2026 14:17:13 +0000, "Michael R. Bakst"
<MBakst@lippes.com> wrote:
> Ms Diaz, I am following up on my email below regarding your intent as to attempting to claim privilege regarding testimony involving your assertions made in open Court at the hearing this week.
>
>
> Michael R. Bakst
> Partner
> 4420 Beacon Circle
> West Palm Beach, Florida 33407
> ph: 561.842.3000 ext. 1577 | fx: 561.842.3626
> MBakst@lippes.com | lippes.com
> LinkedIn // Facebook
> This email message, including attachments, are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the email message. Unauthorized use, dissemination, distribution or reproduction of this message by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not an intended recipient, please notify the sender immediately, delete the message from your email system, and destroy any other copies in your possession.
> From: Michael R. Bakst <MBakst@lippes.com>
> Sent: Thursday, September 17, 2026 4:28 PM
> To: Jesdit Diaz <jesdit18@gmail.com>
> Cc: marcia.dunn <marcia.dunn@dunnlawpa.com>; Melissa A. Bird <mbird@lippes.com>
> Subject: RE: Diaz - Discharge Proceeding - #26-11729 PDR
>
> Ms. Diaz, attached is the notice for your Rule 7030 examination. Please note that all documents are due by 12:00 p.m. on October 1, 2026. We will send you a OneDrive link in which to upload documents.

>
> Regarding your statement about a waiver of privilege, please remember that informed the Court at the hearing this week that your attorney did not tell you that you could not spend property of the estate post petition, which includes the money that was in the savings account. Are you now claiming that you will assert privilege as to testimony involving such an assertion?
>
> Michael R. Bakst
>
> Partner
> [Lippes Mathias LLP]<http://www.lippes.com/>
> 4420 Beacon Circle
> West Palm Beach
> ,
> Florida
>
> 33407
> ph: 561.842.3000 ext. 1577<tel:561.842.3000%20ext.%201577>
>
> |
> fx: 561.842.3626<fax:561.842.3626>
> MBakst@lippes.com<mailto:MBakst@lippes.com>
> |
> lippes.com<https://lippes.com/>
> LinkedIn<https://www.linkedin.com/company/lippes-mathias-wexler-friedman-llp/> // Facebook<https://www.facebook.com/LippesMathias/>
> This email message, including attachments, are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the email message. Unauthorized use, dissemination, distribution or reproduction of this message by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not an intended recipient, please notify the sender immediately, delete the message from your email system, and destroy any other copies in your possession.
> From: Jesdit Diaz <jesdit18@gmail.com<mailto:jesdit18@gmail.com>>
> Sent: Thursday, September 17, 2026 2:28 PM
> To: Michael R. Bakst <MBakst@lippes.com<mailto:MBakst@lippes.com>>
> Cc: marcia.dunn <marcia.dunn@dunnlawpa.com<mailto:marcia.dunn@dunnlawpa.com>>; Melissa A. Bird <mbird@lippes.com<mailto:mbird@lippes.com>>
> Subject: Re: Diaz - Discharge Proceeding - #26-11729 PDR
>
> Mr. Bakst, I am available for my Rule 7030 examination by Microsoft Teams on October 7, 2026, at 1:30 p.m. Please send m
> [External email]<https://summary.us1.defend.egress.com/v3/summary?ref=email&crId=6aac3132c4266932c4df127a&token=NmFhYzMxMzJjNDI2NjkzMmM0ZGYxMjdhfG1iYWtzdEBsaXBwZXMuY29tfDE3OTMxMjU2ODI.nurt0RSKwViO2t0HFkCFLyYgDs4LP4mM-Qf1NvesR1k&lang=en>
>

>
> Mr. Bakst,
>
> I am available for my Rule 7030 examination by Microsoft Teams on October 7, 2026, at 1:30 p.m.
>
> Please send me the formal notice, Teams invitation, and complete document requests as soon as possible so I have sufficient time to identify, organize, and produce responsive documents.
>
> Please also send me the notice and Teams invitation for the October 1, 2026 examination of my former attorney, Arturo Alfonso.
>
> For clarity, my agreement to the deposition date does not constitute consent to or acknowledgment of a blanket waiver of attorney-client privilege. I reserve all applicable rights, privileges, and objections while remaining willing to comply with proper discovery requests and orders of the Court.
>
> Thank you,
>
> Jesdit Diaz
> Defendant, Pro Se
>
> Sent from my iPhone
>
> On Sep 17, 2026, at 9:33 AM, Michael R. Bakst <MBakst@lippes.com<mailto:MBakst@lippes.com>> wrote:
>
>
> Ms. Diaz, for purposes of the adversary proceeding objecting to discharge, I have scheduled the Rule 7030 examination of your former attorney Alfonso Arturo by Teams for October 1st at 1:30 pm. You will separately receive a copy of the notice and Teams invite. As you have made clear at the hearing this week, you are asserting that you relied on counsel as a defense in this proceeding and you are taking the position that he did not instruct you that you could not spend property of the estate after the date of the bankruptcy filing. It is the Trustee's position that you have waived your attorney client privilege with this attorney.
>
> I also will need to take your Rule 7030 examination by Teams. It will also require you to produce documents at least a few business days beforehand. I am currently available on October 6th at 1:30 p.m. or October 7th at 1:30 p.m.  Please get back to me by close of business tomorrow, Friday September 18th as to which of these dates you prefer.
> Michael R. Bakst
>
> Partner
> <image456664.png><http://www.lippes.com/>
>
> 4420 Beacon Circle

> West Palm Beach
> ,
> Florida
>
> 33407
> ph: 561.842.3000 ext. 1577<tel:561.842.3000%20ext.%201577>
>
> |
> fx: 561.842.3626
> MBakst@lippes.com<mailto:MBakst@lippes.com>
> |
> lippes.com<https://lippes.com/>
> LinkedIn<https://www.linkedin.com/company/lippes-mathias-wexler-friedman-llp/> // Facebook<https://www.facebook.com/LippesMathias/>
> This email message, including attachments, are confidential and may be protected by the attorney/client or other applicable privileges. The information is intended to be conveyed only to the designated recipient(s) of the email message. Unauthorized use, dissemination, distribution or reproduction of this message by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not an intended recipient, please notify the sender immediately, delete the message from your email system, and destroy any other copies in your possession.