FILED-USBC, FLS-MIA
'26 SEP 21 PM2:10

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

CASE NO. 26-11729-PDR
Chapter 7

**JESDIT DIAZ,**

Debtor.
_____________________________________/

MARCIA T. DUNN, Trustee in Bankruptcy for JESDIT DIAZ,

Plaintiff,

Adv. Proc. No. 26-01235-PDR

v.

**JESDIT DIAZ,**

Defendant.
_____________________________________/

**DEFENDANT'S RESPONSE IN OPPOSITION TO TRUSTEE'S EMERGENCY MOTION TO DEEM ATTORNEY CLIENT PRIVILEGE WAIVED AND FOR RECONSIDERATION**

I, Jesdit Diaz, am representing myself and submit this response in opposition to the Trustee's Emergency Motion. I am not withdrawing the factual statements I made in my Answer or at the September 15, 2026 hearing, and I am not refusing discovery. I will testify truthfully about the specific advice, or absence of advice, that I placed at issue. I oppose only the Trustee's request to treat that limited issue as a waiver of every privileged communication I had with my former attorney. Because I have not withdrawn my statements or refused examination, there is no basis to reinstate the default.

**Background**

1. At the September 15, 2026 hearing, the Court set aside the Clerk's Entry of Default and allowed me to proceed on the merits.

2. The Trustee later noticed the October 1, 2026 examination of my former bankruptcy attorney, Arturo R. Alfonso, Esq., and my October 7, 2026 examination.

3. In my emails, I stated that I would participate in discovery and comply with proper discovery requests and Court orders while preserving applicable privileges and objections. I did not state that I would prevent Mr. Alfonso from appearing, prevent the Trustee from asking questions, withdraw my prior factual statements, or refuse to testify.

4. The Trustee's Motion acknowledges my position that any waiver should be determined by subject matter rather than treated as a blanket waiver. The Motion nevertheless asks the Court to permit examination concerning all aspects of Mr. Alfonso's representation and production of his complete client file.

**Argument**

**Any Implied Waiver Should Be Limited to the Advice Placed at Issue**

5. I understand that I may not rely on privileged advice for my benefit while preventing fair inquiry into that same advice. Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1417-19 (11th Cir. 1994); Knox v. Roper Pump Co., 957 F.3d 1237, 1248-49 (11th Cir. 2020). I therefore do not seek to prevent examination into the specific subjects I placed at issue.

6. I will answer questions truthfully, subject to other proper objections, concerning communications with Mr. Alfonso about: (a) identifying and disclosing the Way2Save account and other financial accounts in my bankruptcy papers; (b) the information and documents Mr. Alfonso requested or received from me to prepare the petition, schedules, and statements; and (c) whether Mr. Alfonso advised me that I could or could not use funds after the bankruptcy filing. Mr. Alfonso may likewise be examined concerning those subjects, subject to the Court's ruling.

7. By placing those subjects at issue, I did not automatically place every communication during the representation at issue. Communications concerning unrelated creditors, personal matters, litigation strategy, fees, or other subjects do not become discoverable merely because Mr. Alfonso represented me in the bankruptcy case. The fairness principle described in Cox and Knox permits the inquiry needed to test my advice-of-counsel position; it does not require unrestricted access to unrelated privileged communications.

8. The Trustee can test my statements through focused questions and production of communications concerning the identified accounts, disclosures, and postpetition use of funds. I do not seek to withhold nonprivileged materials in the client file. If a dispute arises over a particular privileged document or question, the Court can review the item in camera or require a privilege log. This procedure permits meaningful discovery without deciding that my entire relationship with former counsel is unprotected before the particular communication and its subject matter are known.

**Reconsideration and Reinstatement of Default Are Not Warranted**

9. The Trustee's alternative request depends on the premise that I have withdrawn my prior statements or will refuse examination concerning them. That premise is incorrect. I do not withdraw those statements, and I confirm that I am willing to answer questions within the subject matter I placed at issue.

10. Rule 59(e), incorporated by Bankruptcy Rule 9023, is not a vehicle to relitigate a ruling based on a later disagreement about the scope of discovery. Relief under Rule 59(e) is limited to newly discovered evidence or manifest errors of law or fact. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). The Motion identifies no intervening change in

controlling law, newly discovered evidence, or manifest error in the Court's decision to set aside the default.

11. The privilege emails attached to the Motion do not eliminate my defenses. They confirm that I would participate in discovery and comply with Court orders while preserving objections. My request for the Court to define the permissible scope of inquiry is not a refusal to testify and is not a basis for the severe remedy of reinstating a default.

12. The merits of the Trustee's claims remain disputed. The Trustee may examine me and Mr. Alfonso concerning the specific advice placed at issue and may challenge my testimony through admissible evidence. Those questions should be resolved on the merits rather than by reinstating a default based on a privilege dispute that has not yet prevented any examination.

**Requested Relief**

For these reasons, I respectfully ask the Court to: (1) deny the request to deem every privileged communication in my attorney-client relationship or my complete client file waived; (2) limit any implied waiver to communications concerning the identification and disclosure of my financial accounts, preparation of my bankruptcy disclosures, and advice regarding postpetition use of funds; (3) permit specific privilege disputes to be addressed through focused objections, a privilege log, or in camera review; (4) deny the request to reconsider the order setting aside default or to reinstate the Clerk's Entry of Default; and (5) grant any other relief the Court considers appropriate.

Respectfully submitted,

Jesdit Diaz, Defendant Pro Se
23812 SW 117 Place
Homestead, Florida 33032
Email: jesdit18@gmail.com

**Certificate of Service**

I certify that on September 21, 2026, I served a true and correct copy of this Response by email and by first-class United States mail on Michael R. Bakst, Esq., counsel for the Trustee, at MBakst@lippes.com and Lippes Mathias LLP, 4420 Beacon Circle, West Palm Beach, Florida 33407.

Jesdit Diaz